# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI ANN BAKER | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-16-1444-HE ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Vicki Ann Baker filed this action appealing the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The case was referred to Magistrate Judge Charles B. Goodwin for initial proceedings. Judge Goodwin has issued a Report and Recommendation (the "Report") recommending that the Commissioner's decision be affirmed. Plaintiff has objected to the Report, which triggers *de novo* review by this court of the recommendations to which objection was made. 28 U.S.C. § 636(b)(1)(C).

Plaintiff filed her application for benefits in 2010, which was denied. On appeal to this court, the Commissioner's decision was reversed and remanded for further consideration. After a second hearing, the Administrative Law Judge ("ALJ") again issued an unfavorable decision. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

This appeal is before the court in the unusual position of being a second appeal based on an earlier remand. Most of plaintiff's appeal—and much of the ALJ's decision—simply ignores this court's mandate upon remanding plaintiff's earlier action. Adopting a Report and Recommendation, the court remanded plaintiff's prior action because the ALJ did not properly explain how the opinions of physicians were granted the weights they were afforded. Left undecided by the court was the remaining issue of whether the ALJ had properly considered plaintiff's non-severe mental impairments during steps four and five of the analysis.

"Generally, 'once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case' and there must be compliance with the reviewing court's mandate." Grigsby v. Barnhart, 294 F.3d 1215, 1218 (10th Cir. 2002) (quoting Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520 (10th Cir. 1997)). "An important corollary of the [law-of-the-case] doctrine, known as the 'mandate rule,' provides that a [] court must comply strictly with the mandate rendered by the reviewing court." Zinna v. Congrove, 755 F.3d 1177, 1182 (10th Cir. 2014) (quotations and citation omitted). "[T]he doctrine and the mandate rule apply to judicial review of administrative decisions, and 'require[] the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart.'" Grigsby, 294 F.3d at. 1218 (quoting Wilder v. Apfel, 153 F.3d 799, 803 (7th Cir. 1998)).

In her appeal to this court, plaintiff alleges that the Commissioner erred in rendering her residual functional capacity ("RFC") determination and ability to perform past relevant

work by failing to properly account for her non-severe mental impairments and how the medical evidence was used to evaluate her severe physical impairments. Plaintiff also argues that the Commissioner failed to sustain her burden at step five of the standard analysis.

The court reviews the Commissioner's decision to determine whether substantial evidence exists in the record to support the factual findings and whether the correct legal standards were applied. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citations omitted). In reviewing the decision, the court will not reweigh the evidence nor substitute its judgment for that of the agency. Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2005) (citing Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004).

Plaintiff's first objection argues that the Report improperly evaluated her argument that "the ALJ erred in failing to include her own findings of mild restriction of activities of daily living, mild difficulties maintaining social functioning, and mild difficulties maintaining concentration, persistence or pace in the RFC and hypothetical to the" vocational expert ("VE"). Doc. # 27, p. 1.[1] Because this issue was not addressed in plaintiff's prior appeal, it is properly before the court. As plaintiff notes, "a conclusion that

---

[1] *References to the Administrative Record filed with the court will be R. at [page number]. References to other filings with the court are to the CM/ECF document and page number.*

the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." Wells v. Colvin, 727 F.3d 1061, 1068-69 (10th Cir. 2013). "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B and C." SSR 96-8P, Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *4 (July 2, 1996). Further, as the Tenth Circuit has noted, "'[w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety . . . in order to determine if the claimant's mental impairment is compatible with the performance of such work.'" Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007) (quoting Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996)).

In this instance, however, the ALJ was not required to evaluate how plaintiff's mild mental impairments might impact her ability to perform any work because plaintiff explicitly stipulated that any mental impairments were not part of her disability claim. At plaintiff's hearing—just prior to questioning the VE—the ALJ confirmed with plaintiff's attorney that at plaintiff's first "hearing, it was stipulated that her depression was not an issue for her disability claim" and that plaintiff was still stipulating that "depression is not part of this claim for disability." R. at 692-93. At the first hearing, plaintiff's attorney was the one to confirm with plaintiff that she did not want depression "as an element of" her disability claim. R. at 70. Plaintiff waived the issue of mild mental impairments before

4

the ALJ, thus the ALJ did not err in failing to further explain how any such impairments might impact plaintiff's RFC and ability to perform prior work.

Even if it was technically an error for the ALJ to omit a more explicit discussion of her decision not to include restrictions due to the mild mental impairments, the court concludes any such error would be harmless. The court "may apply harmless error in the social security context 'where, based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative factfinder, following correct analysis, could have resolved the factual matter in any other way." Armijo v. Astrue, 385 Fed. Appx. 789, 792 (10th Cir. 2010) (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)). In this case, given that plaintiff stipulated that her mental impairment was not a part of her disability claim, no reasonable administrative factfinder would determine that the impairment would impact plaintiff's ability to perform her past relevant work or alter her RFC.

Plaintiff next argues that the ALJ improperly weighed the opinion of Dr. Wright, one of plaintiff's treating physicians. Because the earlier remand was due to the ALJ's failure to properly explain the weights afforded to physicians, this issue is also properly before the court. The ALJ afforded great weight to most of Dr. Wright's opinions but gave no weight to his opinion that plaintiff would need to miss two days of work per month. R. at 653. The court concludes that substantial evidence exists in the record to support the ALJ's weighing of Dr. Wright's opinions. The ALJ noted that Dr. Wright's treatment notes did not support the conclusion that plaintiff would need to miss any work due to various physical limitations. R. at 653. Further, there is insufficient credible evidence in the record

indicating that plaintiff would always require time off due to her conditions to state that a legal error has occurred. The ALJ specifically addressed why the opinions of Dr. Smith and Dr. Moore were unpersuasive regarding plaintiff's need for time off from work. R. at 653-56.[2] It was not a reversible error for the ALJ to discount Dr. Wright's opinion regarding plaintiff's alleged required need to regularly miss work.

Plaintiff's final argument is that the ALJ erred in presenting Dr. Wright's physical limitations to the VE when determining whether plaintiff could perform her past relevant work. This issue, however, was resolved on plaintiff's first appeal. The hypotheticals presented to the VE at plaintiff's first hearing included the limitations regarding the need to shift positions while performing job tasks. R. at 73. And the ALJ's first decision specifically discussed Dr. Wright's opinion: "She needs a job that permits shifting positions at will from sitting, standing, or walking. She does need to include periods of walking around during an 8-hour working day. Every 90 minutes she must walk for 10 minutes." R. at 29. Given these findings, the ALJ found that plaintiff could perform her past work. R. at. 30-31. Plaintiff never raised an argument in her first appeal that the ALJ erred in considering this portion of Dr. Wright's opinion.

---

[2] *The court also concludes that the ALJ's decision to reject the opinions of Dr. Smith—who examined plaintiff "at the request of her attorney for purposes of obtaining medical evidence in the litigation of her personal injury claim"—was supported by substantial evidence. R. at 653.*

6

The court concludes that the law of the case doctrine and mandate rule bar plaintiff from arguing in this action what she elected not to argue in her first appeal. To reverse and remand this action on this basis alone "would serve no other purpose than to needlessly prolong a protracted course of proceedings." Wall v. Astrue, 561 F.3d 1048, 1069 (10th Cir. 2009). Substantial evidence exists in the record to support that ALJ's finding that plaintiff could perform past relevant work and therefore was not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv) (if a claimant can perform past relevant work, they are not disabled).

Because the court affirms the decision of the Commissioner that plaintiff can do past relevant work, plaintiff's objections to the ALJ's step five analysis are moot.

For these reasons, and after *de novo* review, the final decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE